# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JUAN ALBERTO RIVERA MISLA,**

    **Plaintiff,**

v.                                                                             Case No: 6:17-cv-979-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Juan Alberto Rivera Misla (Claimant) appeals the Commissioner of Social Security's final decision denying his application for disability benefits. Doc. 1. Claimant raised several arguments challenging the Commissioner's final decision and, based on those arguments, requested that the matter be reversed and remanded for further proceedings. Doc. 17 at 12-15, 19-22, 26-30. The Commissioner argued that the ALJ committed no legal error and that her decision is supported by substantial evidence and should be affirmed. *Id*. at 16-19, 22-26, 29-30. For the reasons discussed below, the Commissioner's final decision is due to be **AFFIRMED**.

## I.    Procedural History

This case stems from Claimant's application for disability insurance benefits, in which he alleged a disability onset date of May 1, 2009. R. 513-14.[1] Claimant subsequently amended his alleged disability onset date to January 1, 2011. R. 554. Claimant's application was denied on initial review and on reconsideration. The matter then proceeded before an ALJ. In October 2011,

---

[1] Claimant also applied for supplemental security income, but that application was denied based on Claimant's income. R. 515-16, 246-49. That denial is not being appealed. Doc. 17 at 1 n.1.

the ALJ entered a decision denying Claimant's application for disability benefits. R. 221-32. Upon review, the Appeals Council found several issues with the ALJ's decision and, thus, remanded the case back to the ALJ for further proceedings. R. 239-40.

Following the Appeals Council's remand, the ALJ held three separate but related hearings, at which Claimant and his representative appeared. R. 90-215. In December 2015, the ALJ entered a decision denying Claimant's application for disability benefits. R. 29-47. Claimant requested review of the ALJ's decision and, in support of his request, submitted additional evidence post-dating the ALJ's decision (R. 1245-56). R. 8-12. The Appeals Council considered Plaintiff's request for review along with the evidence submitted in support of the request and denied review. *Id*. This appeal followed.

## II.     The ALJ's Decision

The ALJ found that Claimant suffered from the following severe impairments: affective disorder, attention deficit disorder, and personality disorder. R. 31-32. In addition, the ALJ found that Claimant suffered from the following non-severe impairments: asymptomatic HIV, sleep apnea, and hearing disorder. R. 37. The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment. R. 38-40.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform work at all exertional levels, with the following non-exertional limitations:

> The claimant is limited to simple, repetitive work with a normal break every 2 hours. He is capable of working in the vicinity of the public, but cannot work directly for them in a customer service job. The claimant is capable of occasional interaction with coworkers.

R. 40. In light of this RFC, the ALJ found that Claimant was able to perform his past relevant work as a document preparer. R. 46.² Thus, the ALJ concluded that Claimant was not disabled between his alleged onset date, January 1, 2011, through the date of the ALJ's decision, December 16, 2015. *Id*.

III.  **Standard of Review**

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV.  **Analysis**

Claimant raised the following assignments of error: 1) the Appeals Council failed to properly consider new, non-cumulative, material evidence; 2) the ALJ failed to account for Claimant's hearing loss in the RFC determination; and 3) the ALJ failed to apply the correct legal

---

² The ALJ did not proceed to step five of the sequential evaluation process. *See* R. 46.

standard in resolving a conflict between the Vocational Expert's testimony (VE) and the Dictionary of Occupational Titles (DOT). Doc. 17 at 12-15, 19-22, 26-29. The Court will address each assignment of error in turn.

### A. Appeals Council

Claimant argued that the Appeals Council failed to apply the correct legal standards when considering the new evidence submitted in support of Claimant's request for review, namely Dr. Joseph DeLuca's opinion evidence. Doc. 17 at 12-15. The Commissioner argued that the Appeals Council applied the correct legal standards in considering Claimant's request for review. *Id*. at 16-17.

A claimant is generally permitted to present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council must consider evidence that was not presented to the ALJ when that evidence is new, material, and chronologically relevant. *Id*.; *see* 20 C.F.R. § 404.970(a)(5). A piece of evidence is new if it is not cumulative of other evidence in the record, *see Robinson v. Astrue*, 365 F. App'x 993, 996 (11th Cir. 2010),[3] it is material if "there is a reasonable possibility that the new evidence would change the administrative outcome," *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987), and it is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision," 20 C.F.R. § 404.970(a)(5). The Appeals Council must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261.

---

[3] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

The Appeals Council has the discretion to not review the ALJ's decision denying benefits. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015). If the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784-85 (11th Cir. 2014). If a claimant challenges the Appeals Council's denial, the reviewing court must determine whether the new evidence renders the denial of benefits erroneous. *Id*. at 785 (citing *Ingram*, 496 F.3d at 1262).

Following the ALJ's decision, Claimant submitted a request for review with the Appeals Council. R. 14-16. In support of Claimant's request for review, Claimant provided several medical records that did not exist at the time the ALJ rendered her decision. R. 10. These new records included opinion evidence from a one-time examining physician, Dr. DeLuca. *Id*. Dr. DeLuca performed a one-time psychological examination of Claimant on August 1, 2016 and, based on his examination, found that Claimant's mental impairments caused marked limitations in his understanding and memory, concentration and persistence, social interactions, and ability to adapt. R. 1248-52.

Upon review of Claimant's request for review, the Appeals Council stated:

In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.

We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

R. 9. Thus, the Appeals Council considered the evidence Claimant presented in support of his request for review, made the evidence (including Dr. DeLuca's opinion evidence) a part of the record (R. 1245-56), and denied Claimant's request for review. R. 8-10.

Claimant argued that Dr. DeLuca's records were new, non-cumulative and material evidence and that the Appeals Council failed to apply the correct legal standards in considering that evidence by "merely perfunctorily adhere[ing] to the ALJ's decision [by making Claimant's] additional evidence part of the record, stat[ing] it considered his reasons for disagreement with the ALJ's decision and the additional evidence and not[ing] 'that this information does not provide a basis for changing the [ALJ's] decision.'" R. 17 at 15. The Commissioner argued that the Appeals Council was not required to explain why it denied Claimant's request for review and, thus, argued that the Appeals Council committed no legal error in denying Claimant's request for review. *Id*. at 16-17.[4]

The Appeals Council considered the new evidence submitted by Claimant – thereby recognizing it was new, non-cumulative, and material – and included the evidence in the administrative record. R. 8-10, 1245-56. Upon consideration of that evidence, the Appeals Council found that it did "not provide a basis for changing the [ALJ's] decision." R. 9. Contrary to Claimant's argument, the Appeals Council was not required to provide a more detailed explanation of why it denied Claimant's request for review. *Mitchell*, 771 F.3d at 784-85. Thus, the Appeals Council did not err by failing to provide a more detailed explanation of why it denied Claimant's request for review. Therefore, the Court rejects Claimant's first assignment of error.

---

[4] In addition to arguing that the Appeals Council committed no legal error in denying Claimant's request for review, the Commissioner argued that the evidence Claimant submitted in support of his request for review did not render the Commissioner's denial of benefits erroneous. Doc. 17 at 17-19. However, Claimant did not argue that the new evidence rendered the denial of benefits erroneous. *See id*. at 12-15. Instead, Claimant's argument focused on whether the Appeals Council failed to apply the correct legal standards when it considered the evidence presented in support of his request for review. *Id*. at 15. Therefore, given the limited scope of Claimant's argument, the Court finds it unnecessary to address whether the new evidence renders the denial of benefits erroneous. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court).

### B. Hearing Impairment

Claimant argued that the ALJ failed to account for Claimant's hearing impairment in her RFC determination and hypothetical to the VE. Doc. 17 at 19-21. Further, Claimant argued that the failure to account for his hearing impairment in the RFC determination is not harmless error based on the noise level associated with the past relevant work that he was found capable of performing, i.e., document preparer. *Id*. at 21-22.

The Commissioner argued that the ALJ's implicit determination that Claimant's hearing impairment did not cause any functional limitations is supported by substantial evidence. *Id*. at 22-26. Further, the Commissioner argued that even if the ALJ erred with respect to Claimant's hearing impairment, the error is harmless because the DOT provides that there is no hearing requirement for a document preparer. *Id*. at 26 n.8.

At step four of the sequential evaluation process, the ALJ must determine a claimant's RFC and ability to do past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In evaluating the claimant's RFC, the ALJ considers the claimant's ability to "meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. § 404.1545(a)(4). The ALJ must consider all of the claimant's medically determinable impairments, even those not designated as severe. *Id*. § at 404.1545(a)(2).

Prior to the alleged disability onset date, in June 2009, Claimant presented to Dr. James Timko for an audiometric evaluation. R. 787-90. The evaluation revealed that Claimant had "Mild, Sensori-Neural type hearing loss in the Right ear with excellent speech understanding ability" and "Severe-to-Profound Sensori-Neural hearing loss in the left ear with no measurable

speech understanding." R. 790. Based on this evaluation, Dr. Timko recommended that Claimant obtain a hearing aid for his right ear. *Id*. However, given the hearing loss in Claimant's left ear, Dr. Timko did not recommend a hearing aid for Claimant's left ear because it would not provide any benefit. *See id*.

> The ALJ considered Dr. Timko's evaluation and recommendations but noted the following:
>
> As for [Claimant's] hearing disorder, there is no evidence the claimant received or required the recommended hearing aid. In addition, he sought no further treatment for this alleged impairment. Hearing deficits or difficulties in communicating have not been observed by his treating doctors at appointments. In addition, he was able to respond to questioning and participate in a meaningful fashion at his hearings.

R. 35, 38. In light of the foregoing, the ALJ found that Claimant's hearing disorder was not a severe impairment. R. 37. Further, at step four, the ALJ did not include any hearing related limitations in her RFC determination. R. 40.

Claimant argued that, contrary to the ALJ's findings, the record contained evidence that he obtained hearing aids (R. 642), and that he continued to have difficulty hearing (R. 96-97, 936). Doc. 17 at 20-21. In so arguing, Claimant suggested that this evidence demonstrates that he continued to suffer from hearing loss during the relevant period and, as a result, the ALJ should have accounted for that hearing loss in the RFC determination. *Id*. While the evidence Claimant pointed to suggests that he continued to suffer from a hearing impairment during the relevant period, the record, as the ALJ notes, R. 38, is largely devoid of any evidence demonstrating that Claimant's hearing impairment caused any work-related limitations. The paucity of such evidence tends to support the ALJ's conclusion that Claimant's hearing impairment is not a severe impairment. Indeed, Claimant cites to no evidence suggesting that Claimant's hearing impairment causes anything more than a minimal effect on his ability to work. *See* Doc. 17 at 20-21; *see also Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (noting that the mere presence of an

impairment, however, does not reveal the extent to which that impairment limits a claimant's ability to perform work-related functions). Therefore, Claimant has failed to demonstrate that the ALJ's RFC determination is not supported by substantial evidence.

Further, even assuming the ALJ erred by not including any hearing related limitations in her RFC determination, the error is harmless. The ALJ found that Claimant can perform his past relevant work as a document preparer, which has no hearing requirements. DICOT 249.587-018, 1991 WL 672349. Claimant acknowledged this fact but, nevertheless, argued that the Court could not find harmless error because the DOT rated the noise level for a document preparer as level three. Doc. 17 at 21-22. However, Claimant cites nothing establishing that a job's noise level has any bearing on the hearing requirements for the same job. Thus, absent any authority or convincing argument to the contrary, the Court finds Claimant's argument unpersuasive and, as a result, finds that even if the ALJ erred by not including any hearing related limitations in her RFC determination, the error is harmless because the job Claimant was found capable of performing has no hearing requirements. Therefore, the Court rejects Claimant's second assignment of error.

**C. Vocational Expert and DOT**

Claimant argued that the ALJ was required, but failed, to resolve a conflict between the VE's testimony and the DOT before relying on the VE's testimony that Claimant could perform his past relevant work as a document preparer. Doc. 17 at 26-29 (citing the Appeals Council's April 26, 2013 remand order (R. 239-40); SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000)). The Commissioner argued that the ALJ did consider whether there was a conflict between the VE's testimony and the DOT and that Claimant has failed to cite any authority demonstrating that the ALJ erred in determining that there was no conflict between the VE's testimony and the DOT. *Id*. at 29-30.

The ALJ found that Claimant had the ability perform, among other things, "simple, repetitive work." R. 40. The ALJ posed a hypothetical question to the VE that was consistent with the RFC determination and asked the VE whether Claimant could perform his past relevant work. R. 120. In response, the VE testified that Claimant could perform his past relevant work as a document preparer. *Id*. The ALJ considered the VE's testimony, stating:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

R. 46. Thus, the ALJ found that the VE's testimony was consistent with the DOT and relied on the VE's testimony in concluding that Claimant could perform his past relevant work as a document preparer. *Id*.

Claimant argued that the VE's testimony is not consistent with the DOT. In doing so, Claimant noted that the DOT states that the position of document preparer requires a reasoning level of three, which the DOT defines as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." Doc. 17 at 27 (citing DICOT 249.587-018, 1991 WL 672349). Without citation to any authority, Claimant asserted that a person limited to "simple, repetitive tasks" could not perform the tasks associated with a reasoning level of three. *Id*. at 27. Thus, in light of this alleged conflict, Claimant argued that the ALJ was required, but failed, to resolve this conflict prior to determining whether Claimant was able to perform his past relevant work as a document preparer. *Id*. at 27-29.

The ALJ considered whether the VE's testimony concerning Claimant's ability to work as a document preparer was consistent with the DOT. R. 46. Thus, the ALJ satisfied the directives

set forth in the Appeals Council's April 26, 2013 remand order (R. 239-40) and SSR 00-4p. In doing so, the ALJ found that the VE's testimony was consistent with the DOT. R. 46. Claimant has cited no authority to contradict this finding. *See* Doc. 17 at 27. Instead, as the Commissioner noted, a number of courts in the Eleventh Circuit (and elsewhere) have concluded that "the requirement of Reasoning Level 2 or 3 is not inconsistent with the ability to perform only simple tasks." *Gray v. Colvin*, 2014 WL 1118105, at *8 (N.D. Fla. Mar. 20, 2014) (quoting *Hurtado v. Astrue*, 2010 WL 1850261, at *11 (S.D. Fla. April 14, 2010)), *report and recommendation adopted*, 2010 WL 1850242 (S.D. Fla. May 7, 2010), *aff'd*, 425 F. App'x 793 (11th Cir. 2011); *see also Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 873 (11th Cir. 2016) (finding no error where the ALJ found that the claimant, who was limited to "simple work," could perform the job of hospital food worker, which, like the job of document preparer, has a special vocational preparation level of two and a reasoning level of three). Having considered these cases and Claimant's failure to provide authority in support of his position, the Court finds that the foregoing authority persuasive and, consequently, finds that the ALJ did not err in determining that no conflict existed between the VE's testimony and the DOT. Further, even assuming there was a conflict between the VE's testimony and the DOT, the ALJ committed no error by relying on the VE's testimony because it "trumped" any inconsistent provisions of the DOT. *Hurtado*, 425 F. App'x at 796 (citing *Jones v. Apfel*, 190 F.3d 1224, 1229-30) (11th Cir. 1999)).[5] Therefore, the Court rejects Claimant's third assignment of error.

---

[5] The Court recognizes that *Jones* was entered prior to the promulgation of SSR 00-4p. Nevertheless, following the promulgation of SSR 00-4p, a panel of the Eleventh Circuit in an unpublished opinion rejected the argument that SSR 00-4p modified *Jones*. *Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007). Specifically, the *Miller* court held that "even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the

V.  **Conclusion**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

testimony of the vocational expert." *Id*. Thus, according to *Miller*, *Jones* remains binding precedent in this Circuit, notwithstanding the promulgation of SSR 00-4p. *Id*